### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DORIS HABY,<br><br>        Plaintiff<br><br>vs.<br><br>TIME WARNER CABLE PENSION PLAN,<br><br>        Defendant | No. 1:20-cv-04119-JPO<br><br>**CONFIDENTIALITY ORDER** |

The parties having agreed to the following terms of confidentiality, and the Court recognizing that good cause exists for issuance of an appropriately tailored confidentiality order governing this action, it is therefore hereby:

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing or disclosing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) financial information not previously disclosed to the general public, other than through unauthorized disclosure;

(b) proprietary business information or communications not previously disclosed to the general public, other than through unauthorized disclosure;

(c) trade secrets or sensitive business information not previously disclosed to the general public, other than through unauthorized disclosure;

(d) information of a personal or intimate nature regarding any individual, including without limitation personal identifying information, medical information, or personnel records;

(e) information for which applicable law requires confidential treatment; or

(f) any other category of information given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material, the producing person or that person's counsel may designate such portion as "Confidential" by stamping, otherwise clearly marking or otherwise designating as "Confidential" the protected portion in a manner that will not interfere with legibility.

4. If at any time prior to the trial of this action (if any), a producing person realizes that some portion(s) of Discovery Material that were previously produced should be designated as Confidential, that person may so designate by apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action;

(g) outside vendors or service providers, including without limitation, independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(h) any mediator or arbitrator that the parties engage in this matter or that the Court appoints; and

(i) the Court, including any appellate court, and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(e), or 5(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel on request.

7. Any party that wishes to file with the Court any Confidential Discovery Material shall request the Court's permission to file said Confidential Discovery Material or portions of papers under seal in accordance with all applicable court rules and practices. Where the

Confidential Discovery Material is so-designated by the non-filing party, the parties shall confer and jointly submit the request to file the material under seal. The parties will use their best efforts to minimize such sealing.

8. Any party who objects to any designation of confidentiality may at any time prior to final resolution of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all parties shall request a joint telephone call with the Court to obtain a ruling.

9. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or any other protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. Nothing in this Order will be construed as (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence. Information deemed confidential pursuant to this Order is not rendered confidential for any other purpose and a party's designation of material as confidential or a party's decision not to object to a confidentiality designation pursuant to this Order does not constitute an admission that the information is confidential under the law, any applicable employment agreements or policies, or otherwise.

12.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days of learning of the inadvertent disclosure, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification that all such information has been returned or destroyed. Within five business days of receipt of such certification, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.

13.    Nothing in this Order will prevent any party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the person who produced the Confidential Discovery Material pursuant to this Order as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.

14.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material shall be promptly returned to the producing person or destroyed. However, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

15.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

LAW OFFICE OF JEFFREY E. DAHL

By:/s/ *Jeffrey E. Dahl*
Jeffrey E. Dahl*
Texas State Bar No. 05310900
jdahl@erisaattorneyintexas.com

The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas 78205
(210) 527-0900
(210) 527-0901 (telecopy)

*Admitted *pro hac vice*

Attorney for Plaintiff
Doris Haby

DLA PIPER LLP (US)

By: */s/ Yan Grinblat*
Kenneth L. Schmetterer*
Yan Grinblat
444 West Lake Street, Suite 900
Chicago, Illinois 60606
312.368.4000
312.630.6350
kenneth.schmetterer@dlapiper.com
yan.grinblat@dlapiper.com

* Admitted *pro hac vice*

*Attorneys for Defendant*
*Time Warner Cable Pension Plan*

**SO ORDERED.**

Dated: July 2, 2020

_____
J. PAUL OETKEN
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DORIS HABY,<br><br>      Plaintiff<br><br>vs.<br><br>TIME WARNER CABLE PENSION PLAN,<br><br>      Defendant | **No. 1:20-cv-04119-JPO**<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____      Name: _____

                                                                    Signature: _____